IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-119-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANDREW PRESTON MARTELL, | |
| Defendant. | |

## I.   Synopsis

Defendant Andrew Preston Martell (Martell) has been accused of violating the conditions of his supervised release. (Docs. 91 and 100) Martell admitted the alleged violations. Martell's supervised release should be revoked. Martell shall be placed in custody for 12 months and 1 day, with such term beginning on November 15, 2024, and with no term of supervised release to follow. The custodial term shall run concurrently with the sentences imposed in Cause Nos. 05-120 and 18-104.

## II.   Status

Martell plead guilty on October 19, 2005, to the offense of Aggravated Sexual Abuse, in violation of 18 U.S.C § 2241(a)(1) as charged in the Indictment. (Doc.14) Martell was sentenced to 148 months of custody followed by 7 years of supervised release. (Doc 20) The custodial sentence was ordered to run consecutively to Cause

No. 05-120 and the supervised release term was ordered to run concurrently with the supervised release term in Cause No. 05-120. Martell's current term of supervised release began on June 23, 2023. (Docs. 91 and 100)

**Petition**

The United States Probation Office filed a Petition on May 30, 2024, requesting that the Court revoke Martell's supervised release. (Doc. 91) The Petition alleged Martell violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on May 28, 2024; (2) failing to comply with outpatient sex offender treatment on May 28, 2024; (3) failing to report to his probation officer as instructed on May 8, 2024 and May 29, 2024; and (4) being terminated from sex offender treatment on May 30, 2024.

**Initial Appearance**

Martell appeared before the Court on June 11, 2024. Martell was represented by counsel. Martell stated that he had read the Petition and that he understood the allegations. Martell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 11, 2024. Martell admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to comply with substance abuse testing requirements on May 28,

2024; (2) failing to comply with outpatient sex offender treatment on May 28, 2024; (3) failing to report to his probation officer as instructed on May 29, 2024; and (4) being terminated from sex offender treatment on May 30, 2024. The violations are serious and warrant revocation of Martell's supervised release.

### Sentencing hearing

Martell appeared before the Court on June 11, 2024. The Court held sentencing in abeyance until September 24, 2024, which was subsequently re-scheduled for September 23, 2024.

### Amended Petition

The United States Probation Office filed an Amended Petition on August 26, 2024, requesting that the Court revoke Martell's supervised release. (Doc. 100) The Amended Petition alleged Martell violated the conditions of his supervised release by the added violations of: (5) failing to comply with his home confinement schedule on August 25, 2024; (6) failing to comply with his home confinement schedule on August 26, 2024, with his probation officer unable to determine his whereabouts after he failed to report to work as scheduled. An arrest warrant was issued for Martell on August 26, 2024. (Doc. 101)

### Second Sentencing Hearing

Martell failed to appear at the sentencing hearing on September 23, 2024. (Doc 102) At that time, the arrest warrant for Martell was still outstanding.

### Second Initial Hearing

Martell appeared before the Court on January 14, 2025. Martell was represented by counsel. Martell stated that he had read the Amended Petition and that he understood the allegations. Martell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Second Revocation hearing

The Court conducted a revocation hearing regarding the Amended Petition on January 14, 2025. The Court noted that Martell had previously admitted that he had violated the conditions of supervised release as set forth in the Petition. Martell then admitted that he had violated the conditions of his supervised release as set forth in the Amended Petition by: (5) failing to comply with his home confinement schedule on August 25, 2024; and (6) failing to comply with his home confinement schedule on August 26, 2024, with his probation officer unable to determine his whereabouts after he failed to report to work as scheduled. The violations are serious and warrant revocation of Martell's supervised release.

### Third Sentencing Hearing

Martell appeared before the Court on January 14, 2025. Martell's violation is a Grade C, his criminal history category is I, and Martell's underlying offense is a Class A felony. Martell could be incarcerated for up to 60 months. Martell could be

ordered to remain on supervised release for 64 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.   Analysis

Martell's supervised release should be revoked. Martell shall be placed in custody for 12 months and 1 day, with such term beginning on November 15, 2024, and with no term of supervised release to follow. The custodial term shall run concurrently with the sentences imposed in Cause Nos. 05-120 and 18-104. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Martell that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Martell of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Martell that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Martell waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS**:

That Andrew Preston Martell has violated the conditions of his supervised release by (1) failing to comply with substance abuse testing requirements on May 28, 2024; (2) failing to comply with outpatient sex offender treatment on May 28, 2024; (3) failing to report to his probation officer as instructed on May 8, 2024 and May 29, 2024; (4) being terminated from sex offender treatment on May 30, 2024; (5)

failing to comply with his home confinement schedule on August 25, 2024; and (6) failing to comply with his home confinement schedule on August 26, 2024, with his probation officer unable to determine his whereabouts after he failed to report to work as scheduled.

The Court **RECOMMENDS**:

That the District Court revoke Martell's supervised release and commit Martell to the custody of the United States Bureau of Prisons for 12 months and 1 day, with such term beginning on November 15, 2024, and with no term of supervised release to follow. The custodial term shall run concurrently with the sentences imposed in Cause Nos. 05-120 and 18-104.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of January 2025.

John Johnston
United States Magistrate Judge